No. 8705.

Orleans Appeal.

PAXTON MILLER, Appellant, v. WILLIAM S. BONNER, ET AL.

(November 3, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Pleading, Par. 62.**

Where A, sequestering funds in the hands of B, and suing only B for an accounting as between themselves under an alleged contract of lease, makes C also a party to the suit without setting up any privity of contract as to the latter with either A or B regarding the alleged contract, an exception of no cause of action is well founded as to C.

**(Code of Practice, Art. 345—Editor's Note.)**

Appeal from Civil District Court for the Parish of Orleans, Division "A", Hon. Hugh C. Cage, Judge.

This is a suit in which the plaintiff claims from the Board of State Engineers an accounting regarding certain funds alleged to be due him for the lease of certain mule teams furnished. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Edrington & Edrington, attorneys for plaintiff and appellant.

Terriberry, Rice & Young, attorneys for defendant and appellee.

BELL, J. This is a suit in which the plaintiff, alleging a verbal contract between himself and the Board of State Engineers, Highway Department, Parish of Pointe Coupee, claims from said board an accounting regarding certain funds alleged to be due him from the lease of certain mule teams furnished by him to said board, and to be used in the construction of a public road in the parish of Pointe Coupee. The petition sets forth that the agreement or contract provided for the payment to plaintiff for the use of said teams a per diem fee of $3.00 for each team, for every day that said teams were at work.

Further alleging that under said contract there is now due a balance of some $645.00, the petition recites that the board has refused to pay the balance due or such other sums as may be due unto petitioner, and that petitioner is advised that the said $645.00 is about to be paid by the board to one William S. Bonner. The following is alleged in paragraph 4 of the petition:

"Now your petitioner represents that William S. Bonner, a resident of this city and of full age of majority, has claimed from the Board of State Engineers, Highway Department, by virtue of a so-called agreement or contract, the said sum of $645.00, and that your petitioner has been informed, fears and believes that the said highway department will pay to the said William S. Bonner the said $645.00, or that much thereof as may be due your petitioner by the said State Highway Department."

In the last paragraph of the petition, preceding the prayer, petitioner alleges that he has demanded payment from the board, through its proper agent, which payment has been refused, and that petitioner is informed that the money will be paid to William S. Bonner and removed from the jurisdiction of the court.

Nowhere in the petition is it shown that any privity of contract exists between William S. Bonner and petitioner or the board regarding the alleged contract, nor does it appear even from the specific allegations of paragraph 4, as above quoted, that the alleged claim of Bonner against the board is in regard to the contract sued upon. It is not alleged, on the other hand, that there was ever any contract between petitioner and William S. Bonner.

The prayer of the petition is that a writ of sequestration issue, commanding the Civil Sheriff for the Parish of Orleans to seize and take into his possession all

monies in the hands of the board earned by petitioner and claimed by Bonner by virtue of work done by petitioner on the Pointe Coupee road, and, further praying that the board, through its proper officer, and Bonner be duly cited to appear and answer this petition, it is asked that there be judgment in favor of the petitioner and against the board and Bonner, ordering an accounting. There is no prayer as to which of the defendants, if either of them, is to make this accounting to petitioner. The concluding prayer of the petition is that a judgment be rendered decreeing petitioner the owner · of the sum of $645.00, in the hands of the board, also for maintenance of the writ, with costs, and for general and equitable relief.

To the foregoing petition, the only appearer is William S. Bonner, who has filed an exception of no cause or right of action. This exception has been maintained by the judgment of the trial court, from which this appeal is taken.

For the reasons noted in our understanding of the pleadings, as above set forth, it is evident the exception is well taken, that the petition wholly lacks any allegations supporting a cause or right of action as against exceptor. The judgment appealed from is correct.

It is, therefore, ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby affirmed at appellant's cost.